THE TOWN OF WADESBORO v. FRED J. COXE AND WIFE, ELIZABETH D. COXE, AND JAMES A. HARDISON AND WIFE, LILLIAN H. HARDISON.

(Filed 20 December, 1940.)

**Municipal Corporations § 33—Signing a petition for public improvements by husband and wife held sufficient evidence that husband was wife's agent.**

The wife owned the *locus in quo,* and the petition for public improvements was signed by the husband and by the wife. C. S., 2706. *Held:* The signature of the wife as the owner of the property along with the signature of the husband is sufficient evidence to be submitted to the jury on the issue of whether the wife constituted her husband her agent to subsequently act for her in the premises, rendering the listing of the property in his name on the assessment roll, C. S., 2711, and the special assessment book, C. S., 2722, and the giving of the statutory notices to him, sufficient, thus rendering the lien against the property valid and enforceable as against her and as against her subsequent grantee.

APPEAL by plaintiff from *Clement, J.,* at June Term, 1940, of ANSON.

*Robinson, Pruette & Caudle for plaintiff, appellant.*
*B. M. Covington for defendants, appellees.*

SCHENCK, J. This is an action to foreclose a lien upon certain real estate of the defendants fronting 235 feet on Lee Avenue in the town of Wadesboro for assessments due for improvement of streets and sidewalks adjacent thereto, instituted under C. S., 7990. When the plaintiff had introduced its evidence and rested its case, the defendants moved to

dismiss the action and for a judgment as in case of nonsuit. C. S., 567. The motion was allowed, and the plaintiff preserved exception and from judgment of dismissal appealed.

The plaintiff alleges that the lien which it seeks to foreclose was created by virtue of chapter 56, Article 9, of the Consolidated Statutes and amendments thereto. The defendants deny that the provisions of the statutes have been met and that any valid lien has been created against their property.

While it is admitted that the real estate against which the alleged lien is sought to be foreclosed, at the time the petition for the improvements was filed and at the time the improvements were actually made, was owned by Elizabeth D. Coxe, it nevertheless appears from the petition presented to the board of commissioners of the town of Wadesboro requesting that such improvements be made (in accord with C. S., 2706 and 2707) that said real estate, fronting 235 lineal feet on Lee Avenue, was represented by their signatures to be owned by Fred J. Coxe and Elizabeth D. Coxe—the pertinent portion of said petition reading: "Signature of property owner: (Signed) Fred J. Coxe, (Signed) Elizabeth D. Coxe. Lineal feet of frontage: Lee Avenue—235 ft."

Although the plaintiff's evidence tended to show that on the assessment roll and on the special assessment book the real estate involved appears in the name of Fred J. Coxe, and that all notices required to be given to the property owners by the various statutes were given to Fred J. Coxe, and that certain installment payments were made by Fred J. Coxe, we are of the opinion that the signature of Elizabeth D. Coxe as a "property owner," owner of the property involved, along with the signature of Fred J. Coxe, was sufficient evidence to be submitted to the jury upon an issue as to whether Elizabeth D. Coxe had constituted Fred J. Coxe her agent to subsequently act for her in the premises, to receive the notices which were served on him and to make the payments made by him, and that in so acting and doing he was acting for her, as the owner of the property. If Fred J. Coxe was so acting, with authority so to do, there was no failure to comply with C. S., 2722, by reason of the fact that the special assessment book failed to show "the name of owner of such property," and there was no failure to include the name of "the persons assessed" as required by C. S., 2711, and no failure to give such owner notice of hearing or an opportunity to be heard upon the question of confirmation of the assessment roll, as required by C. S., 2712 and 2713, since all the entries of the name of the owner and all notices and rights to which the owner of the real estate was entitled were made and given to Fred J. Coxe as the agent of the owner. *Qui facit per alium facit per se.*

The evidence tending to show that the designation of Fred J. Coxe as the owner of the real estate involved, and the giving of the notices required by law to him, and the receiving from him of the installment payments, when considered in connection with the evidence that Elizabeth D. Coxe signed the petition for the improvements, as the owner of the property, along with Fred J. Cox, was sufficient to be submitted to the jury upon an issue as to whether the provisions of the statutes had been met and a valid lien thereby created in favor of the plaintiff town against the real estate owned by Elizabeth D. Coxe; and since this is true as to the real estate formerly owned by Elizabeth D. Coxe it follows it is true as to the same real estate now owned by her codefendant James A. Hardison, her grantee.

The judgment of the Superior Court is
Reversed.